UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES REISER, et al.,  :  NO. 1:08-CV-00729
:
     Plaintiffs,  :
:  **OPINION AND ORDER**
  v.  :
:
RTI INTERNATIONAL METALS,  :
INC., et al.,  :
:
     Defendants.  :
:

This matter is before the Court on the RMI Defendants' Motion to Transfer Venue (doc. 4), the Wellpoint Defendants' Response in Support of the Motion (doc. 9), Plaintiffs' Memorandum in Opposition (doc. 25), and Defendants' Reply (doc. 26). For the reasons indicated herein, this Court GRANTS Defendants' Motion to Transfer Venue (doc.4).

**I. Background**

Plaintiffs James Reiser, Ian McAleer, Donald Masek, and William Bradler ("Original Plaintiffs") filed a seperate action on December 21, 2007, in the Northern District of Ohio, against Defendants RTI International Metals, Inc. and RMI Titanium Company (collectively "RMI"), Anthem, Inc. n/k/a Wellpoint, Inc. ("Wellpoint"), Anthem Insurance Companies, Inc. ("Anthem"), and Community Insurance Company ("CIC") (doc. 4). Defendants filed motions for summary judgment alleging the Original Plaintiffs lack standing, and thereafter to correct the standing issue Original

Plaintiffs filed a motion to amend the complaint, seeking to add two new plaintiffs, Henry Willoughby and Dorothy Werden (Id.). On August 13, 2008, Judge Christopher Boyko of the Northern District Ohio denied the motion to amend, holding that "the Court will not permit adding two new Plaintiffs or amending the class definition in order to defeat summary judgment" (Id.). On September 26, 2008, before the motion for summary judgment was ruled on, the Original Plaintiffs filed a motion to dismiss their complaint, which Judge Boyko granted. Then, the Original Plaintiffs, with the addition of Plaintiffs Henry Willoughby, Dorothy Werden and Robert Mears, filed this identical action against the same Defendants here in the Southern District of Ohio (doc. 1). In the instant motion, Defendants request, under 28 U.S.C. § 1404(a), that this case be transferred to the United States District Court for the Northern District of Ohio (doc. 9).

**II. Analysis**

"[T]he threshold consideration under § 1404(a) is whether the action 'might have been brought' in the transferee court." Kay v. National City Mortgage Co., 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). "Once it is determined that a case could have been brought in the transferee court, the issue becomes whether the transfer is justified under the balance of the language of Section 1404(a)." Jamhour v. Scottsdale Ins. Co., 211 F. Supp. 941, 945 (S.D. Ohio 2002).

Under 28 U.S.C. § 1404, a district court may transfer a civil action to any other district where the action may have been brought for the convenience of the parties or witnesses. "In order for a transfer to take place, the Defendant must make a strong showing of inconvenience to warrant upsetting the Plaintiff's choice of forum." Hobson v. Princeton-New York Investors, Inc., 799 F.Supp. 802, 805 (S.D. Ohio 1992). "A plaintiff's choice of forum is given great weight" (Id. at 804). However, where a plaintiff engages in forum-shopping, "no deference to the plaintiff's choice of forum is warranted; indeed, federal courts have held that conduct like [that] militates in favor of transfer." Deep v. XAC, LLC, 2007 WL 1308356 (W.D. Ky. May 2, 2007).

When considering a motion to transfer venue, a district court should consider the convenience of the parties, the convenience of potential witnesses, and the interests of justice. Moses v. Business Card Express, Inc., 929 F.2d 1131, 1137 (6th Cir. 1991). Venue should not be transferred unless these factors weigh heavily in favor of the defendant. West American Insurance v. Potts, 1990 U.S. App. LEXIS 12513 at *6 (6th Cir. July 25, 1990).

Defendants argue that the circumstances of this case weigh in favor of transfer under 28 U.S.C. § 1404(a), and the Court agrees. First, the Court finds that Plaintiffs' dismissal of the complaint in the Northern District of Ohio after an adverse ruling and then refiling a virtually identical complaint in this Court

3

constitutes impermissible forum-shopping. See Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc., 2003 WL 22387598, at *6 (N.D. Cal., Oct. 14, 2003).  Plaintiffs' argument that the Southern District of Ohio is the more convenient forum because there are several related cases pending before this Court is not significant given the Court's recent denial of Plaintiffs' Motion to consolidate those cases (doc. 27).  Further, a review of the record reveals that (1) Plaintiffs' original choice of forum was the Northern District of Ohio, (2) none of the operative events occurred in the Southern District  of Ohio, (3) the physical evidence relating to RMI is in the Northern District, (4) each of the Plaintiffs, at least one of the defendants and some of the key witnesses reside in the Northern District of Ohio, while none of the Plaintiffs or key witnesses resides in the Southern District, and (5) Judge Boyko in the Northern District of Ohio is already familiar with the substantive issues and applicable law of this case (doc. 26).  In considering these facts, the Court finds that the convenience of the parties, the convenience of potential witnesses, and the interests of justice all weigh heavily in favor of transfer to the Northern District of Ohio. Moses, 929 F.2d at 1137.

**III. Conclusion**

A district court has broad discretion when considering motions to transfer venue under 28 U.S.C. § 1404.  Hayes v. Chesapeake & Ohio Railway Co., 374 F. Supp. 1068 (S.D. Ohio, 1973).

After reviewing the facts of this case, this Court is satisfied that the Defendants have shown that the factors for transfer of venue weigh heavily in their favor. Therefore, the Court GRANTS Defendants' Motion to Transfer Venue and TRANSFERS this matter to the Northern District of Ohio (doc. 14).

    SO ORDERED.


Dated: April 21, 2009       /s/ S. Arthur Spiegel

                                  S. Arthur Spiegel
                                  United States Senior District Judge